IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff                  Case No. 1:12-17

vs.                                      HONORABLE JANET T. NEFF

RAJESH MAKWANA and
CLINTON CORNELL,

        Defendants

-----------------------------------------------/

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS
AND FOR A HEARING**

**1.  Facts[1]**

The search warrant application describes information provided to the government by 4 cooperating witnesses (CW-1, 2, 3, and 4).

Paragraph 22 of the affidavit states that "[d]uring the course of the investigation, a number of FBI Cooperating Witnesses have provided information..."

---

[1] The citations are to the search warrant affidavit used in connection with the search of 5511 West U.S. Highway 10, in Ludington, Michigan.  It is believed that the averments at issue are consistent with the language used in 23 other search warrants executed at various other locations.

Paragraph 25 of the affidavit states that "[d]uring the course of the investigation, CW-1 provided examples of the documents described above, including referral spreadsheets and CW-2's payment calculations. CW-1 also provided copies of checks written from two bank accounts."[2]

Paragraphs 43, 46, and 49 specifically describe actions which CW-1 undertook "at the request of the government."

Paragraph 70 specifically describes actions which CW-3 undertook "at the request of the government."

Paragraph 85 states that CW-4 provided numerous records owned by the businesses to the government. Paragraph 91 states that CW-4 acted at the request of the government to obtain evidence.

All of the documentary evidence and all of the recorded conversations were the basis for probable cause in the 24 search warrants executed by agents in January of 2012. All of the evidence collected before and after the search warrants are the basis for the charges pending against the defendants.

## 2. Legal Principles

In *United States v. Hardin*, 539 F.2d 404 (6th Cir. 2009), the Sixth Circuit reversed a defendant's convictions when it concluded that an apartment manager (who had entered an apartment to see if the defendant was there) was acting as a government agent.

There was an outstanding federal arrest warrant for Hardin based upon a Petition to Revoke his Supervised Release. An investigator with the Knoxville Police Department received a tip from an informant that Hardin might be staying with a girlfriend in a specific apartment project.

---

[2] These were documents created during the normal business operations of various businesses.

The informant also described the vehicle that he thought Hardin was driving.

The detective and another officer went to the apartment project and spotted a vehicle matching the informant's description near Apartment 48.

The officers questioned the apartment manager who told them that Hardin had not rented any apartment at the project and that the manager had not ever seen Hardin at the apartment project.

When told of Hardin's prior criminal history, the apartment manager was shocked. The police told the manager that they needed to learn whether Hardin was in the apartment. At the suggestion of the police, the apartment manager agreed to go to the apartment and to pretend that he was investigating a water leak. The apartment manager went inside the apartment and saw Hardin.[3] After obtaining backup, 4 police officers entered the apartment, located Hardin, seized evidence, and arrested Hardin. Hardin was ultimately convicted.

On appeal, the Sixth Circuit addressed the question of whether the apartment manager was acting as an agent of the police when he entered the apartment.

The Sixth Circuit concluded that the manager was acting as an agent and, that as a result, the search and seizure violated the 4th Amendment.

Citing *United States v. Howard*, 752 F.2d 220 (6th Cir. 1985), the panel applied to two-factor test: 1) The government's knowledge or acquiescence; and 2) the intent of the party conducting the search. An alternative way of saying it is: 1) the police must have instigated, encouraged or participated in what the 3d party did; and 2) the individual acted to assist the police in their investigative efforts. *United States v. Lambert*, 771 F.2d 83 (6th Cir. 1985).

---

[3] The manager entered the apartment using his master key.

As to the latter prong, the panel noted that in *Howard*, the defendant's insurer investigated a possible arson. The insurer provided the police with the information that was learned during the insurance investigation. The panel concluded that the intent of the insurer was independent of the intent of the police, i.e., the insurer's intent was to determine whether there had or not been an arson for insurance purposes; the police were gathering evidence for a criminal prosecution.

As to *Hardin*, the police instigated the manager's actions by seeking his help. The manager's intent was to assist the police in their investigation. The manager was thus acting as an agent for the police. He entered the apartment without consent. Since the manager's actions were the basis for the warrantless search, the Fourth Amendment was violated, and all of the evidence seized was suppressed.

A contrasting case is *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010). In *Bowers,* the defendant shared an apartment with a female house mate. On a weekend when Bowers was out of town, the female's boyfriend decided to snoop around in the defendant's bedroom. The boyfriend found an album that appeared to contain child pornography. The police were called. Although there was some dispute about where the album was when the police arrived, the Sixth Circuit ultimately decided that the album was in a common area of the apartment when the police arrived. The police were given consent to enter the apartment and to examine/seize the album. The photographs in the album were indeed child pornography and those photographs were the evidence used to convict the defendant.

The Sixth Circuit ruled that the house mate and her boyfriend were not acting as agents of the police when the album was discovered by the boyfriend and taken from the defendant's bedroom to a common area within the house. As a result, there was no violation of the defendant's constitutional rights.

If a 4th Amendment is violated, all evidence obtained as a result of that violation must be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

### 3. Discussion[4]

It is undisputed that the cooperating witnesses undertook a number of actions at the request of law enforcement. It is equally undisputed that the cooperating witnesses were acting to assist the government when they acceded to the agents' requests. Both prongs of the *Hardin* test were thus met as to at least some actions undertaken by the CWs: 1) The CWs were acting at the behest of the agents; and 2) the CWs' intent was to assist with the government investigation. Said differently, it is contended the CWs were acting as agents of the government at various times during the investigation.

What is not clear from the search warrant affidavit is the circumstances surrounding the removal of business records from the company's premises and the delivery of those records to the agents. There is nothing in the search warrants that really make it clear to what extent the CWs were acting at the request of the agents or not.

The intent of the CWs when they turned the various records over to the police is also not apparent from the search warrant affidavits or from any other discovery material disclosed to date by the government.

---

[4] On August 17, 2012, co-defendant Babubhai Rathod filed a Motion entitled "Motion for Discovery and Additional Time for Filing Motions. Rathod expressed concern about whether the Cooperating Witnesses were acting as agents for the government. Rathod sought discovery so that a suppression motion could be evaluated. Since the amended motion deadline is today, the defendants (who share Rathod's concerns as set forth in his motion) are filing a formal Motion to Suppress and Request for an Evidentiary Hearing.

If the CWs were acting as agents for the government when the records were collected and/or turned over the agents, the defendants' Fourth Amendment rights have been violated and the evidence must be suppressed.

The defendants are respectfully requesting an evidentiary hearing so that the agents and the CWs can be examined and so that this Court has a factual record from which to make a decision on what could be a dispositive motion.

## Conclusion

For the reasons stated, the defendants are respectfully asking this Court to hold an evidentiary hearing where the agents and the CWs can be examined and where the defendants will have an opportunity to establish that the CWs were in fact acting as agents of the government, thus violating the defendants' Fourth Amendment rights.

Following that hearing, the defendants will be respectfully asking for leave to file post-hearing briefs so that this Court can have the benefit of those briefs prior to making a decision about a dispositive matter.

Respectfully submitted,

Grand Rapids, MI

September 24, 2012

| /s/ David A. Dodge | /s/ Frank Stanley |
|---|---|
| David A. Dodge (P22906) | Frank Stanley (P28826) |
| Attorney for Makwana | Attorney for Cornell |
| Dodge & Dodge PC | 200 North Division Avenue |
| 200 North Division Avenue | Grand Rapids, MI 49503 |
| Grand Rapids, MI 49503 | (616) 459-8600 |
| (616) 459-3850 | |